UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| MARISTA PAYNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  3:18-cv-689-DJH |
| ) | |
| LIBERTY LIFE ASSURANCE COMPANY ) | |
| OF BOSTON, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF KENTUCKY, LOUISVILLE DIVISION

Defendant, Liberty Life Assurance Company of Boston, ("Liberty Life"), by counsel, respectfully notifies this Court of the removal of the above-styled cause from the Jefferson Circuit Court to the United States District Court for the Western District of Kentucky, Louisville Division, pursuant to 28 U.S.C. §1331, §1367, §1441, and 29 U.S.C. §1132, and state as follows:

I.

This action is being removed to federal court based upon the following alternative federal jurisdictional bases: federal question jurisdiction under 28 U.S.C. §1331 and under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* (hereafter "ERISA"); and supplemental jurisdiction under 28 U.S.C. §1367.

II.

On or about September 26, 2018, Plaintiff filed in the state court the above-entitled civil action, bearing Case No. 18-CI-005607 in the records and files of that Court.

III.

The aforesaid state court action is a suit of a wholly civil nature of which the United States District Court for the Western District of Kentucky, Louisville Division, has original jurisdiction under 28 U.S.C. §1331, §1367, and 29 U.S.C. §1132, and is one that may be removed by petitioner pursuant to 28 U.S.C. §1441.

IV.

This Court has federal question jurisdiction over the action because Plaintiff, as a participant and/or alleged beneficiary under an employee welfare benefit plan, seeks recovery of benefits and other relief under said employee welfare benefit plan. The plan is controlled by ERISA because:

    a. At all times relevant hereto, Henkel of America, Inc. established and/or maintained an employee welfare benefit plan, and Plaintiff alleges that she was covered under said employee welfare benefit plan, and, as such, was a participant and beneficiary under said employee welfare benefit plan;

    b. The plan is one established or maintained by an employer as defined by ERISA, 29 U.S.C. §1002(5). That section defines an employer as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan . . . . ";

    c. The plan was established and is maintained for the purpose of providing, among other things, disability insurance benefits for participants in the plan;

    d. The plan was and is therefore an employee welfare benefit plan within the meaning of 29 U.S.C. §1002(1);

    e. Plaintiff's claim is made for recovery of benefits and other relief under said employee welfare benefit plan; and

    f. Pursuant to 29 U.S.C. §1132(e), the district courts of the United States have original jurisdiction over actions brought by participants and beneficiaries to recover benefits or other relief under employee welfare benefit plans.

V.

In addition and alternatively, this Court has federal question jurisdiction under ERISA of this matter and, to the extent this Court should determine that any of Plaintiff's claims are not preempted by ERISA, this Court would have supplemental jurisdiction over such claims because such claims are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

VI.

This action is therefore one of which the United States District Court for the Western District of Kentucky, Louisville Division, has original federal question jurisdiction under 28 U.S.C. §§1331 and 1441, as well as supplemental jurisdiction under 28 U.S.C. §1367, and this action may be removed to this Court by petitioner pursuant to 28 U.S.C. §1441. Jefferson County, Kentucky is within the venue of the Louisville Division of the United States District Court for the Western District of Kentucky.

VII.

This petition is being filed pursuant to 28 U.S.C. §1446 within thirty (30) days of service of the initial pleading in which a removable claim is asserted, and is removable in that:

   a. The time for filing this petition under 28 U.S.C. §1446 has not expired; and

   b. In the companion cases of *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58 (1987), and *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41 (1987), the United States Supreme Court established that even if couched in terms of state law claims, the claims asserted by Plaintiff herein are preempted by ERISA, in that ERISA, 29 U.S.C. §1132, provides Plaintiff's exclusive cause of action and displaces entirely any state cause of action, thus rendering Plaintiff's case, however pleaded, exclusively a federal question case removable to this Court; and

3

      c.      To the extent any of Plaintiff's claims are governed by state law, this Court has supplemental jurisdiction over such claims.

## VIII.

Therefore, Defendant files this Notice of Removal of this action from the Jefferson Circuit Court, in which it is now pending, to the United States District Court for the Western District of Kentucky, Louisville Division. There are attached to this notice, marked Exhibit "A" and incorporated by reference, true and correct copies of all process, pleadings, and orders served upon Defendant in this action.

## IX.

Also attached to this notice, marked as Exhibit "B" and incorporated by reference, is a true and correct copy of the Notice of Filing Notice of Removal that will be filed (without exhibits) with the Jefferson Circuit Court.

WHEREFORE, Defendant notifies this Court of the removal of this action from the Jefferson Circuit Court to the United States District Court for the Western District of Kentucky, Louisville Division.

Respectfully submitted,

By: /s/  Kevin Roberts
Kevin Roberts, KY Bar No. 96835
111 Monument Circle, Suite 4600
Indianapolis, IN 46204
Ph.: (317) 916-1300
Fax: (317) 916-9076
kevin.roberts@ogletree.com

ATTORNEYS FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that the foregoing *NOTICE OF REMOVAL* was filed electronically on October 22, 2018 and that service of same on all counsel of record will be made by the Court's CM/ECF system as follows:

>Daniel E. Moriarty
>danmoriarty@moriartylawoffice.com

I further certify that service was made on the following non-registered ECF counsel of record by placing copies of the foregoing *NOTICE OF REMOVAL* in envelopes properly addressed to them and with sufficient first-class postage pre-paid:

>Daniel E. Moriarty, Esq.
>Daniel E. Moriarty, PLLC
>301 E. Main St., Suite 720
>Lexington, KY 40507

/s/  Kevin Roberts
Kevin Roberts